**JUDGE CHIN**

**08 CV 8383**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY     :   Civil Action No.  -CV-
COMMISSION,                      :
                                 :
              Plaintiff,         :   ECF CASE
      v.                         :
                                 :   COMPLAINT
WINFIELD SECURITY CORPORATION,   :   JURY TRIAL DEMAND
                                 :
              Defendant.         :
-----------------------------------------------------------x

SEP 3 0 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Pregnancy Discrimination Act of 1978 to correct unlawful employment practices on the basis of sex/pregnancy and to provide appropriate relief to Silvana Zapata and Mayra Wilder. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Winfield Security Corporation, ("Defendant"), a security company providing security officer and investigative services, has violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and discriminated against Charging Party, Silvana Zapata, as well as Mayra Wilder (collectively, "the Claimants") based on their sex (female) and pregnancy by removing them from their respective positions once they returned from maternity leave and telling them they could accept inferior positions; constructively discharging Zapata; terminating Wilder's employment; and retaliating against Zapata for engaging in protected activity and filing a charge of discrimination with the Commission. In addition, Defendant failed to post and keep posted notices which have been prepared or approved by the Commission regarding federal anti-discrimination laws, and failed to make and preserve records relevant to

the determination of whether unlawful employment practices have been or are being committed, all in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703, 704, 706(f)(1) and (3), 709(c) and 711(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2, -3, -5(f)(1) and (3), -8(c) and -10(a) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3), 709(c) and 711(a) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3), -8(c) and -10(a).

4.      At all relevant times, Defendant has continuously been a corporation under the laws of New York, doing business in the State of New York and other places, having its registered office in the State of New York in the City of New York, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than 30 days prior to the institution of this lawsuit, Charging Party, Silvana Zapata, filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least 2004 Defendant engaged in unlawful employment practices, in violation of Section 701(k), 703, 704 and 706 of Title VII, 42 U.S.C. §§2000e(k), 2000e-2, -3 and -5. These practices have included, but are not limited to the following:

   a.  Defendant discriminated against the Claimants based on their sex/pregnancy by removing them from the positions that they held before they took approved leave for pregnancy and birth of their children, and instead telling them that they could accept positions with inferior compensation and terms, conditions, or privileges of employment;

   b.  Defendant made comments indicating a bias against female employees with children, including but not limited to the following: Defendant's CEO told Zapata she should "stay home and take care of [her] kids" when she went to Defendant's office and said she was returning from maternity leave; Defendant's Operations Manager, who supervised both of the Claimants, made frequent comments demonstrating discriminatory animus, including but not limited to comments such as "I don't know why you women let yourself get pregnant!", "I don't know why y'all let men do this to you," asking Wilder why she had "so many children?" and asking her who would take care of her children; telling Wilder "your breasts are big" when she was pregnant, making lewd sexual comments, such as speaking

3

about his "dick" and what he did with "his women," and using a colloquial Spanish term used to describe a woman who is sexually aroused or "horny";

c. Defendant discriminated against Wilder based on sex/pregnancy by delaying her planned return to work from maternity leave in October 2004; removing her from her full time position as a dispatcher working in Defendant's office and instead telling her that she would have to work as a security guard in the field, a position with inferior compensation and terms, conditions, or privileges of employment; placing her in a temporary security guard position and then telling her, when that position ended, that she would have to be on stand-by and call in daily to see if any other positions were available; and then terminating her employment on or about December 15, 2004 and refusing to place her in positions when she called in to check for available positions;

d. Defendant discriminated against Zapata based on sex/pregnancy when she attempted to return to work after an approved leave of absence for pregnancy and delivery of her child by removing her from her full-time "Girl Friday" position (performing miscellaneous tasks in Defendant's office such as filing, copying, cleaning, doing odd jobs, and running errands), and instead insisting that she could only return to work if she agreed to accept a position as a part time security guard at another location, a position that had inferior compensation and terms, conditions, or privileges of employment and less job security, making the working conditions so intolerable that a reasonable person under the circumstances would feel compelled to resign, as Zapata did and on or about February 2, 2005;

e.  Defendant retaliated against Zapata for filing a charge of discrimination with the Commission and engaging in protected activity under Title VII. After Defendant told the Commission that it had offered to reinstate Zapata to her former position as a "Girl Friday" for three days a week and work as a security guard for two days a week, it told the Commission that Zapata had "burned her bridges behind her" when she filed her charge, and it refused to reinstate Zapata to her former position as a "Girl Friday" for three days a week.

8.  The effect of the practices complained of above has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their sex/pregnancy.

9.  Since at least January 2004, Defendant has failed, in violation of Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a), to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

10. Since at least January 2004, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed and failed to file the required EEO-1 reports.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Claimants.

**PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

5

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex/pregnancy.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against the Claimants and other employees who have engaged in or engage in protected activity under Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its unlawful employment practices.

D. Order Defendant to post and keep posted notices in accordance with the provisions of Section 711(a) of Title VII, 42 U.S.C. §2000e-10(a).

E. Order Defendant to make and preserve all records, including file EEO-1 reports, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

F. Order Defendant to make whole the Claimants by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement to appropriate positions.

G. Order Defendant to make whole the Claimants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined a trial.

  H. Order Defendant to make whole the Claimants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain and suffering, embarrassment, inconvenience, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

  I. Order Defendant to pay the Claimants punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial;

  J. Ordering such further relief as the Court deems necessary and proper in the public interest;

  K. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 30, 2008
   New York, New York

          Respectfully submitted,

          Ronald Cooper
          General Counsel

          James L. Lee
          Deputy General Counsel

          Gwendolyn Young Reams
          Associate General Counsel

          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          1801 L Street, N.W.
          Washington, D.C. 20507

_Elizabeth Grossman_
Elizabeth Grossman
Regional Attorney
elizabeth.grossman@eeoc.gov

_Judy Keenan_
Judy A. Keenan
Supervisory Trial Attorney
judy.keenan@eeoc.gov

_Monique J. Roberts_
Monique J. Roberts
Trial Attorney
New York District Office
33 Whitehall St., 5th floor
New York, N.Y. 10004-2112
Telephone: (212) 336-3704
Facsimile: (212) 336-3623
monique.roberts@eeoc.gov